FILED
TIME 12:25PM
FEB -2 2018
RICHARD W. NAGEL
Clerk of Court
CINCINNATI, OHIO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAPAULA BABER,

    Plaintiff,

v.

LEC,

    Defendant.

Case No. 1:18-cv-62

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff, who resides in Cincinnati, Ohio, has filed a *pro se* complaint. (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the

action is frivolous or malicious. *Id.; see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328–29, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir.2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Hill,* 630 F.3d at 470–

71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2) (B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U .S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

Plaintiff's complaint names "LEC" as the sole Defendant, and states the basis of her claim as "wrongful termination." She invokes the jurisdiction of this Court under 28 U.S.C. § 1343(3), which provides for jurisdiction over a civil rights lawsuit alleging that the Defendant, acting under color of State law, deprived an individual of a right secured by federal law or the Constitution. (Doc. 1-1)

This Court lacks subject matter jurisdiction over Plaintiff's complaint under 28 U.S.C. § 1343(3) or 42 U.S.C. § 1983. It appears that the named Defendant, LEC, is a

3

private employer, and is not a state entity or agency. Plaintiff does not allege, nor can it reasonably be inferred, that LEC took any unlawful action under color of State law. Plaintiff also fails to identify any right secured by federal law or the Constitution as to which she has been deprived.

Construing Plaintiff's complaint liberally, Plaintiff appears to allege "wrongful termination" by her prior employer. (Doc. 1-1). To that extent, the undersigned has reviewed the complaint for possible jurisdiction under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Univ. of Texas Sw. Med. Ctr. v. Nassar,* 133 S.Ct 2517, 2523 (2013) (citing 42 U.S.C. § 2000e-2(a)). In her complaint, Plaintiff alleges that on an unspecified date, she was given a "final write up" by her employer that she did not agree with, and was subsequently suspended and terminated. As relief, Plaintiff states that she seeks to be returned to her job, to keep her seniority in her former position, and to have her "PTO hours" restored. (Doc. 1-2 at 3-4).

"Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, she must satisfy two administrative prerequisites: '(1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue.'" *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003)(quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989))(other citations omitted). These requirements exist "so that the EEOC will have an opportunity to convince the parties to enter into voluntary settlement, which is the preferred means of disposing of such claims." *Randolph v. Ohio Dept. of*

4

*Youth Services,* 453 F.3d 724, 732 (6th Cir.2006) (citing *Parsons v. Yellow Freight Sys., Inc.,* 741 F.2d 871, 873 (6th Cir.1984)). "Where the plaintiff files suit prior to receiving the right to sue letter, the district court is compelled to dismiss the premature action for failure to exhaust administrative remedies." *Mitchell v. Chapman,* 343 F.3d 811, 821 n. 10 (6th Cir.2003) (citing *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000)).

Plaintiff has not alleged any facts showing she exhausted her administrative remedies or that she received a notice of right to sue from the EEOC before filing this action. Therefore, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B). In addition, Plaintiff's complaint fails to provide any pertinent dates, or the most cursory allegation that would support a claim that her employer took any adverse action against her based on her race, color, religion, sex, or national origin, sufficient to state a claim under Title VII. The lack of detail in the complaint, combined with the lack of information concerning a prior EEOC charge, leads the undersigned to recommend dismissal of Plaintiff's complaint for failure to exhaust administrative remedies and for failure to state any claim on initial screening pursuant to 28 U.S.C. §1915(e).

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's case be **DISMISSED with prejudice** for failure to state a claim.

*/s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAPAULA BABER,

    Plaintiff,

v.

LEC,

    Defendant.

Case No. 1:18-cv-62

Barrett, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6