**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LaPaula Baber,

    Plaintiff,

      -vs-                                              Case No. 1:18-cv-062

LEC,                                                           Judge Michael R. Barrett

    Defendant.

## **ORDER**

### I. BACKGROUND

This matter is before the court upon the Report and Recommendation (Report) issued by the Magistrate Judge (Doc. 3) and Plaintiff's objection (Doc. 5) thereto.

Plaintiff worked as a licensed nurse practitioner for Defendant before Plaintiff's employment termination on January 2, 2018 (Doc. 3 at 2). Plaintiff then instituted suit against Defendant pursuant to Title 28 U.S.C. § 1343(3), alleging Defendant terminated Plaintiff's employment because Plaintiff is African-American. (*Id.* at 2). On February 2, 2018, the Magistrate Judge issued the Report that Plaintiff's complaint should be dismissed for failure to state a claim. (Doc. 4, at 5). In the Report, the Magistrate Judge determined possible jurisdiction over the complaint existed under Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) *et seq.* (*Id.* at 4). However, the Magistrate Judge found "Plaintiff's complaint fails to provide any pertinent dates, or the most cursory allegations that would support a [racial discrimination] claim [under Title VII]." (*Id.* at 5). The Magistrate Judge also found Plaintiff was not entitled to sue Defendant for a Title VII violation until Plaintiff received a "right to sue" letter from the EEOC. (*Id.* at 5).

1

In the objection to the Report, Plaintiff provides additional facts related to her employment termination. Plaintiff states that on January 1, 2018, Plaintiff's supervisors notified Plaintiff she would be receiving a final write-up for failing to follow proper protocol. (Doc. 5, at 1). On January 10, 2018, Plaintiff convened a meeting with her supervisors. (*Id.*). At the meeting, one of the supervisors told Plaintiff that "the smirk on [Plaintiff's] face showed that [Plaintiff] could not be trusted." (*Id.*). At the conclusion of the meeting, one of the supervisors notified Plaintiff that Plaintiff was suspended. (*Id.*). Several days later, Plaintiff received a notice of termination from Defendant. (*Id.*) The notice read that Plaintiff was terminated because Plaintiff does understand her nursing abilities. (*Id.*). Plaintiff states that she has been a licensed nurse practitioner for seven years without receiving negative marks on her nursing license. (*Id.*).

Plaintiff also states Defendant gave a white employee ("Stephanie") favorable disciplinary treatment. (*Id.*). Defendant disciplined Stephanie three times, but permitted Stephanie to go through "education" on each occasion. (*Id.*). When Plaintiff asked her supervisors for education, instead of a suspension, the supervisors denied her request. (*Id.* at 15).

## II. STANDARD

Reports and Recommendations issued by a magistrate judge are subject to review by the district court when it is "shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge must then "accept, reject, or

2

modify the recommendation disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Plaintiff's objection to the Report and Recommendation raises additional facts, which are evaluated herein for sufficiency to state a claim.

### III. ANALYSIS

**1) A complaint must carry sufficient factual matter to allow reasonable minds to conclude Defendant is liable for the alleged violations.**

"A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading fails to state a claim when the pleading does not contain sufficient relevant facts to sustain the claim. *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading carries sufficient relevant facts if the facts allow a court to draw a reasonable inference that the defendant is liable for the alleged violation. *Id.* at 678.

Complaints filed by a *pro se* plaintiff are to be "liberally construed" no matter how inartfully pleaded. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while *pro se* complaints are to be liberally construed, courts should not go so far as identifying and addressing arguments the plaintiff failed to assert. *Johnson v. Riviana Foods Inc.*, 2017 U.S. App. LEXIS 24525, *8 (6th Cir. 2017).

A complainant has the burden of establishing a prima facie case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To establish a prima facie case of racial discrimination under Title VII, Plaintiff must show: (1) that she belongs to a protected group; (2) that she was qualified for the job; (3) that she suffered an adverse

3

employment action, and (4) that other similarly situated employees, not in her protected class, were more favorably treated. *Simpson v. Vanderbilt Univ.*, 359 Fed. Appx. 562, 568 (6th Cir. 2009).

When a plaintiff lacks direct evidence of discrimination to satisfy the "similarly-situated" prong, "the plaintiff must prove that the comparable employees are similar in all *relevant* aspects." *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 412 (6th Cir. 2008). In alleged discriminatory disciplinary actions, "the individual with whom the plaintiff seeks to compare [her] treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992).

**2) Plaintiff's pleading provides insufficient factual matter for reasonable minds to draw an inference that Defendant is liable for the alleged violations.**

Plaintiff has not met her burden of establishing a Title VII prima facie case. It is unquestioned that Plaintiff belongs to a protected group and was qualified to be a licensed nurse practitioner. It is also unquestioned that Plaintiff suffered an adverse employment action. However, Plaintiff fails to assert facts critical to her argument that similarly situated employees of an unprotected class received favorable treatment. Though Plaintiff points out that a white nurse, Stephanie, was disciplined thrice with education while Plaintiff was terminated without the option of education, Plaintiff does not mention whether she and Stephanie shared a supervisor, were subject to the same standards, or disciplined for similar conduct.

Even upon liberally construing Plaintiff's claim, Plaintiff fails to establish a prima facie case under Title VII. Specifically, Plaintiff fails to establish the fourth prong: that similarly situated employees from an unprotected group received favorable treatment. To satisfy her burden, Plaintiff must have provided for the court that Stephanie responded to the same supervisor, subject to the same standards, and had been disciplined for the same conduct as Plaintiff. A court cannot insert these assertions into Plaintiff's claim. For these reasons, Plaintiff has not established a prima facie case under Title VII.

**3) Plaintiff's pleading provides no evidence that Plaintiff took necessary administrative steps before bringing a Title VII claim against Defendant.**

Before an employee can sue a former employer for racial discrimination under Title VII, two administrative requirements must be met: (1) the employee must file charges of employment discrimination with the EEOC, and (2) the employee must receive notice from the EEOC indicating that Plaintiff has the right to sue her former employer. *Nichols v. Muskingum College*, 318 F.3d 674, 677. (6th Cir. 2003).

In both the complaint and the objection, Plaintiff failed to proffer that she had any interaction with the EEOC. Without satisfying the two administrative prerequisites, Plaintiff lacks the legal standing to sue Defendant.

## IV. CONCLUSION

Neither Plaintiff's original complaint nor objection raise sufficient factual matter that would allow reasonable minds to conclude Defendant is liable for the alleged violations. Additionally, Plaintiff has not exhausted the necessary administrative steps to bring a claim against her employer for racial discrimination under Title VII. The Court hereby

ADOPTS the Magistrate Judge's Report and Recommendation and Plaintiff's case is DISMISSED with prejudice.

**IT IS SO ORDERED.**

                                            /s Michael R. Barrett
                                            Michael R. Barrett
                                            United States District Judge